**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDMUNDO JAVIER-MARQUEZ,
also known as Adan Marquez-Reyna,

Defendant-Appellant.

No. 98-4143
(D.C. No. 98-CR-187-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Defendant Edmundo Javier-Marquez pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and was sentenced to forty-six

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months' imprisonment. Defendant's counsel has filed an <u>Anders</u> brief (<u>Anders v. California</u>, 386 U.S. 738, 744 (1967)), and defendant has filed a pro se letter contending the district court erred in imposing his sentence.

We have examined the record on appeal and conclude the district court properly sentenced defendant. The court imposed a base offense level of eight, plus a sixteen-level enhancement for defendant's reentry after he was deported following an aggravated felony conviction (a Utah state conviction for possession with intent to distribute a controlled substance). U.S.S.G. § 2L1.2(a) & (b)(1)(A). The court granted a three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1. Based on defendant's total offense level and his criminal history category of III, the guideline range was forty-six to fifty-seven months. The district court imposed a sentence at the bottom of the range.

In his pro se letter, defendant contends the district court considered two prior crimes which were committed by his brother. The record reveals defendant acknowledged at sentencing that neither of the crimes committed by his brother resulted in criminal history points or affected his criminal history category or guideline range. This argument is without merit.

Defendant also asserts the court enhanced his sentence for a felony drug conviction to which he pleaded guilty when he was in fact innocent. A sentencing court cannot consider a collateral attack on a prior conviction, with the exception

of a collateral attack based on complete denial of counsel.    See United States v. Simpson , 94 F.3d 1373, 1381 (10th Cir. 1996).  Defendant's argument is based solely on his claim of factual innocence.  He was represented by counsel when he entered a plea of guilty to the crime.  The district court could not disregard the conviction and did not err in relying on it to enhance defendant's sentence.

AFFIRMED.  Counsel's motion to withdraw is GRANTED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge